### NIEBUHR v. SONN et al.

(Supreme Court, Appellate Division, First Department.   May 6, 1898.)

BREACH OF CONTRACT—COMPLAINT.

In an action to recover a sum of money, the complaint alleged that certain real property was conveyed by defendants to plaintiff's assignor, and then proceeded to give a confused recital of an agreement between those parties concerning the erection of houses thereon, and of negotiations for the sale thereof, and negotiations for placing mortgages thereon, and of how plaintiff's assignor was prevented by defendants from carrying out various plans in connection therewith, and alleged in obscure terms a promise by defendants to pay to plaintiff's assignor, for a certain equity, the sum of money demanded. But it did not explain how he was thus prevented, or show any resulting injury, or allege tender or performance by plaintiff's assignor. *Held*, upon an examination of the entire complaint, that it failed to set forth any cause of action.

Appeal from special term, New York county.

Action by Sarah A. Niebuhr against Hyman Sonn and another. From an interlocutory judgment overruling a demurrer to the complaint, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Sol. Kohn, for appellants.

M. E. Duffy, for respondent.

INGRAHAM, J.    This complaint is drafted upon a somewhat original principle.    The pleader seems to have thought that if he alleged that the plaintiff's assignor negotiated mortgages, and the sales of the real estate described in the complaint, and that the defendants refused to place the mortgages and to make the sales in some way, the defendants would be liable.    The action cannot be sustained to recover unliquidated damages for a breach of a contract by the defendants, as there is no allegation in the complaint that either of the several contracts which it was alleged the defendants violated caused the plaintiff any damage; and no fact is alleged from which such damage can be presumed.    The first agreement that is alleged is one between the defendants and the plaintiff's assignor, by which the defendants agreed to sell and convey to the plaintiff certain property described in the complaint.    This contract the defendants seem to have carried out by the conveyance of the property.    The next agreement alleged is one by which the plaintiff's assignor was to erect nine houses upon the property conveyed, and the defendants were to make a building loan to the plaintiff's assignor during the construction of the building.    The complaint then alleges that the plaintiff's assignor completed a number of the houses, and did certain work upon others of them, but was prevented from completing the houses on 113th street by the defendants.    It is not alleged that the defendants did not comply with their agreement as to the building loan, and just how they prevented the plaintiff from completing the four houses on 113th street is not alleged.    The complaint then alleges that the plaintiff's assignor had negotiated for the sale of the 112th street houses, and entered into a written contract therefor, which was made and entered into with the knowledge, consent, suggestion, authority, and privity of the defendants, and acquiesced in by the defendants, and that said negotiations and procurement of the sale of these five houses were accepted by the defendants, and they agreed to pass title under said contract, but that the passing of title to these five houses to the purchaser was prevented by the defendants.    Just how, is not stated, and it is not alleged that preventing "the passing of title" caused any damage to the plaintiff.    The complaint then alleges that at and about the same time, "with the knowledge, consent, suggestion, authority, and privity of the defendants, and by special agreement made with the plaintiff's assignor and defendants, plaintiff's assignor negotiated for the placing of permanent mortgages and loans on the said aforesaid nine houses, and that the defendants, notwithstanding all to the contrary, as did plaintiff's assignor, did accept the placing of the permanent mortgages procured by plaintiff's assignor, but that plaintiff's assignor was prevented from placing said mortgages by defendants."    It is difficult to understand just what this means.    It is not alleged how the defendants prevented placing the permanent loans, and no damage is alleged to have been caused to the plaintiff's

assignor by such action of the defendants. The complaint then alleges that the defendants, "notwithstanding the agreement heretofore entered into for the erection of these houses, waived the conditions therein contained, and represented and stated to plaintiff's assignor to go ahead and make the sale of the houses, and to negotiate for the placing of permanent mortgages and for the sale, which plaintiff's assignor did, and that defendants promised and agreed to pay to plaintiff's assignor the equity which plaintiff's assignor had in said premises, amounting to the sum of $48,000." The complaint then alleges that the defendants, "notwithstanding their agreement with the plaintiff's assignor to carry out the placing of the said mortgages and the sale of the houses heretofore referred to, and to pay the plaintiff's assignor the said equity which they had agreed, refused to place the mortgages, and refused to make the sale, so that plaintiff's assignor was unable to give title to the said five houses under the contract heretofore referred to, and was also prevented from placing upon the said houses the loans and mortgages accepted, and refused to make payment of the equity of plaintiff's assignor, although payment had been demanded," and that thereafter "defendants did accept and place upon these houses the loans procured by plaintiff's assignor, and thereafter sold the premises described in this complaint." The plaintiff then demanded judgment against the defendants for the sum of $48,000, together with the costs of this action. The demurrer was overruled by the court below on the ground:

"That the complaint, in substance, alleges that the defendants promised to pay plaintiff's assignor $48,000, in consideration of plaintiff's assignor doing certain things, and the plaintiff's assignor did those things. This constitutes the allegation of a cause of action."

We are unable to read into this complaint such a cause of action. The only allegation of any promise of the defendants to pay to the plaintiff this sum of $48,000 is that contained in the eighth paragraph of the complaint, before referred to. So far as we can understand this clause of the complaint, it alleged a waiver of conditions contained in the contract for the erection of these houses,—a contract that is not before referred to in the complaint,—and alleged that the defendants requested the plaintiff's assignor to go ahead and make the sale of the houses, and to negotiate for the placing of permanent mortgages and for the sale, which plaintiff's assignor did. There is no allegation here that such negotiations were successful, or that the plaintiff's assignor succeeded in placing permanent mortgages, or in selling the property. It is simply an allegation that he negotiated therefor, and then that the defendants promised and agreed to pay to plaintiff's assignor the equity which plaintiff's assignor had in the premises, amounting to $48,000. But there is no allegation that the plaintiff's assignor agreed to convey such equity to the defendants, or that this sum of $48,000 was to be paid in consideration of such conveyance. Nor is there any allegation in the complaint that the plaintiff's assignor or the plaintiff tendered such a conveyance to the defendants. The ninth clause of the complaint alleged that the defendants refused to place the mortgages or to make the sale, so that plaintiff's assignor was unable to give title to the said five

houses under the contract theretofore referred to, and was also prevented from placing upon said houses the loans and mortgages, and refused to make payment of the equity of the plaintiff's assignor, although payment had been demanded. It is not alleged how the defendants' refusal to make the sale prevented the plaintiff's assignor from giving title to said five houses, or how anything that the defendants did prevented plaintiff from placing upon the houses the loans and mortgages as accepted; nor is it alleged that such refusal caused the plaintiff any damage; nor does it appear that this action should be treated as an action upon an agreement to convey an equity in real estate, for the plaintiff has failed to allege that she tendered a conveyance of such real estate, or was able to make such a conveyance. She therefore fails to allege a fact essential to entitle her to recover the amount of the consideration agreed to be paid for such conveyance. The title of this property having been vested in the plaintiff's assignor by the conveyance alleged in the second paragraph of the complaint, it is not alleged how any acts of the defendants could have prevented the plaintiff's assignor from either obtaining loans upon the property, or selling the property, or how the defendants, who, upon the allegations of the complaint, were not the owners of the property, could have accepted and placed upon these houses loans procured by plaintiff's assignor. We are unable to see, therefore, that any cause of action was alleged in this complaint, and for that reason the demurrer should be sustained.

The judgment is therefore reversed, with costs to the appellant, and the demurrer sustained, with costs, with leave to the plaintiff to amend within 20 days upon payment of the costs in the court below and in this court. All concur.